Arthur B. Berger (6490)
Aaron C. Hinton (16840)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
aberger@rqn.com
ahinton@rqn.com

*Attorneys for Defendant Canada Fluorspar (NL), Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| IMMERSIVE TECHNOLOGIES, INC. , <br><br> Plaintiff, <br><br> vs. <br><br> CANADA FLUORSPAR (NL), INC., <br><br> Defendant. | **DEFENDANT CANADA FLUORSPAR (NL), INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** <br><br> Case No. 2:20-cv-00179-BSJ <br><br> Judge Bruce S. Jenkins |

Defendant Canada Fluorspar (NL), Inc. ("CFI"), hereby answers the Amended Complaint of Plaintiff Immersive Technologies, Inc. ("Immersive"). CFI denies the allegations and characterizations in the Amended Complaint unless expressly admitted in the following paragraphs.

## PARTIES

1. CFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and on that basis denies the same

2. Admitted.

## JURISDICTION AND VENUE

3. Except to the extent jurisdiction is proper pursuant to an agreement between the parties, CFI denies the allegations in paragraph 3.

4. CFI asserts that any written agreement between the parties speaks for itself and denies any allegations inconsistent therewith.

5. CFI admits that Immersive is seeking in excess of $75,000 in its Amended Complaint that that there is complete diversity of citizenship between the parties, but denies any wrongdoing.

6. Except to the extent venue is proper pursuant to an agreement between the parties, CFI denies the allegations in paragraph 6.

## GENERAL ALLEGATIONS

7. Admitted.

8. Admitted.

9. Admitted.

10. CFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and on that basis denies the same.

11. CFI asserts that the terms of any agreement between the parties (hereafter "Agreement") speaks for itself and denies any allegations inconsistent therewith.

12. CFI asserts that the Agreement speaks for itself and denies any allegations inconsistent therewith.

13. Admitted.

14. CFI asserts that the Agreement speaks for itself and denies any allegations inconsistent therewith.

15. CFI asserts that the Agreement speaks for itself and denies any allegations inconsistent therewith.

16. Denied.

17. CFI admits that it made payments to Immersive but denies the remainder of paragraph 17.

18. CFI asserts it was not required to pay the amount reflected on the invoices referenced in paragraph 18 and therefore denies that it "failed" to make such payment, or that such payment was ever "due." CFI asserts that the invoices speak for themselves and denies any allegations inconsistent therewith.

19. CFI asserts that its performance under any agreement is excused as a consequence of Immersive's prior material breach thereof. CFI denies the remainder of paragraph 19.

20. Denied.

21. CFI presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and on that basis denies the same.

22. Denied.

23. Paragraph 23 states a legal conclusion to which no response is necessary. To the extent a response is required, CFI asserts that the Agreement speaks for itself and denies any allegations inconsistent therewith. CFI denies the remainder of paragraph 23.

24. CFI asserts that the Agreement speaks for itself and denies any allegations inconsistent therewith. CFI denies the remainder of paragraph 24.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

25. CFI incorporates its responses set forth in the preceding paragraphs.

26. CFI asserts the Agreement speaks for itself and denies any allegations inconsistent therewith. CFI denies the remainder of paragraph 26.

27. Denied.

28. Denied.

29. Denied.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

30. CFI incorporates its responses set forth in the preceding paragraphs.

31. Paragraph 31 states a legal conclusion to which no response is required. To the extent a response is required, CFI denies the allegations in paragraph 31.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, CFI denies the allegations in paragraph 32.

33. CFI asserts that the Agreement speaks for itself and denies any allegations inconsistent therewith.

34. Denied.

35. Denied.

36. Denied.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

37. CFI incorporates its responses set forth in the preceding paragraphs.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, CFI denies the allegations in paragraph 38.

39. CFI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and on that basis denies the same.

40. Denied.

41. Denied.

42. Denied.

## FOURTH CAUSE OF ACTION
### (Account Stated)

43. CFI incorporates its responses set forth in the preceding paragraphs.

44. Denied.

## PRAYER FOR RELIEF

To the extent that any response is required, CFI denies that Immersive is entitled to any relief, judgment, or order whatsoever.

## CFI'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of the defenses set forth herein, CFI alleges the following as affirmative defenses to the Amended Complaint and the relief sought therein.

## FIRST AFFIRMATIVE DEFENSE

Immersive fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Immersive's claims, in whole or in part, fail pursuant to the plain language of their agreement(s) with CFI and/or other governing documents.

### THIRD AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by Immersive's own prior material breach of any agreement with CFI.

### FOURTH AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by the doctrines of acquiescence, release, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Immersive's contract claims are barred by failure of consideration, mistake, and/or lack of mutual assent.

### TENTH AFFIRMATIVE DEFENSE

Immersive's claims are barred, in whole or in part, by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

Immersives claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Immersive's claims are barred or must be reduced to the extent that Immersive failed to mitigate, minimize, or avoid damages, the existence of which is denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the event Immersive is permitted to recover any damages, the existence of which is denied, CFI is entitled to an offset for services not rendered by Immersive, as well as the value of any CFI equipment in the possession of Immersive. To the extent Immersive is not permitted to recover any damages, CFI is entitled to payment for the value of any CFI equipment in the possession of Immersive.

## FOURTEENTH AFFIRMATIVE DEFENSE

Immersive is barred from obtaining relief because CFI's conduct at all times was reasonable, proper, in good faith, and legally justified, and CFI did not directly or indirectly undertake any action in violation of the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

CFI reserves the right to supplement their responses and defenses in this Answer. CFI also reserves the right to raise additional affirmative defenses that may be discovered during the course of this action or as Immersive's causes of action become more clearly defined.

## **RELIEF REQUESTED**

Wherefore, CFI requests that Immersive's Amended Complaint be dismissed with prejudice, that Immersive takes nothing therefrom, that CFI be awarded its requested offset, and that CFI be awarded its costs and attorney fees as well as any further relief this Court deems just and proper.

DATED this 24th day of November, 2020.

                RAY QUINNEY & NEBEKER P.C.

                */s/ Arthur B. Berger*
                Arthur B. Berger
                Aaron C. Hinton

                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2020, I electronically filed the foregoing **DEFENDANT CANADA FLUORSPAR (NL), INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF filing system, which sent notification of such filing to the following:

James L. Barnett
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
jbarnett@hollandhart.com

*/s/ Lori McGee*

1548732